UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROSEZETA WARREN,** | ] |
| | ] |
|     **Plaintiff,** | ] |
| | ] |
| v. | ]    **Case No. 04-BE-2594-S** |
| | ] |
| **SOUTHERN COMFORT** | ] |
| **CONVERSIONS, INC.,** | ] |
| | ] |
|     **Defendant.** | ] |

## MEMORANDUM OPINION

### I.  INTRODUCTION

      This case is before the court on Defendant's Motion for Summary Judgment (doc. 11). Pursuant to the court's review of all pertinent filings, the court finds that the Motion is due to be **GRANTED in part and DENIED in part**.  Specifically, Defendant's Motion as to Count One's termination and disparate treatment claims, Count Two's termination claim, and Count Three's termination claim is **GRANTED**.  Defendant's Motion with regard to Count One's failure to rehire claim, Count Two's failure to rehire and disparate treatment claims, and Count Three's failure to rehire claim is **DENIED**.

### II.  BACKGROUND

    Plaintiff claims that her former employer discriminated against her on the basis of race and age.  As required on a motion for summary judgment, the following facts are stated in the light most favorable to the non-moving party.

    Plaintiff Rosezeta Warren is an African-American female who was born on August 22, 1947.  During the time relevant to this lawsuit, Plaintiff worked as a detailer cleaning

automobiles at Defendant's Oneonta plant.  Detailers are sometimes asked to perform general housekeeping tasks around the plant rather than sit idle while waiting on the arrival of vehicles to clean.

Defendant Southern Comfort Conversions, Inc., is an Alabama corporation that specializes in the alteration and customization of vans, trucks, and sport utility vehicles.  Defendant operates two conversion facilities, one in Trussville and one in Oneonta.  The events giving rise to this case occurred at the Oneonta location.

Defendant's business is cyclical, and as a result Defendant has laid off workers from time to time.  Defendant does not have a recall policy after laying off employees whereby Defendant contacts a terminated employee to ascertain whether the employee would like to return to work.  Notwithstanding the absence of an official recall policy, Defendant has rehired individuals who have worked for the company previously.

On August 20, 2003, Plaintiff's employment with Defendant was terminated.  Sixteen other employees, all Caucasian, were also terminated with Plaintiff.  Plaintiff was not given anything in writing to indicate she would be recalled.  Additionally, neither the president of the company nor any company supervisor told Plaintiff that she would be recalled.

Plaintiff testified that the day after she was terminated, Plaintiff saw Ms. Jody Crowe at a local Shell station.  Crowe was the human resource representative and plant manager for the Oneonta facility.  Plaintiff claims that when she asked Crowe whether she would be called back to work, Crowe told her that she would be called back around the first of the year in 2004 when

business picked back up.[1]  Crowe denies that this conversation took place, and testified that she had no authority to make any hiring decisions on behalf of Defendant.[2]  Plaintiff made no further inquiries as to the prospect of working at Defendant's plant, and did not submit a formal application for future employment to Defendant.

By January 2004, Defendant's business had increased, and based on that increase Defendant hired several new workers.  On January 10, 2004, Defendant hired Ms. Sirena Pelham for the position of detailer at the Oneonta plant.  Pelham is a white female and is several years younger than Plaintiff.  In February 2004, Defendant transferred Ms. Brenda Anderson from the Trussville plant to the Oneonta plant to work as a detailer.  Anderson is also a white female who is several years younger than Plaintiff.  During this same time period, the detailer's area where Plaintiff previously worked was provisioned with a table, chairs, and a refrigerator.  Defendant also re-hired two employees who were laid off along with Plaintiff in August, 2004.  Erik Thomas was hired as a paint buffer, and Lonnie Burtron was hired as a stereo installer.  Both individuals are white males.

On April 22, 2004, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging that Defendant had engaged in employment discrimination on the basis of Plaintiff's age and race.  This lawsuit soon followed.

## II. STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of

---

[1]Warren Dep., p. 126; but see Crowe Dep., p. 67 (stating that she never talked to Plaintiff after Plaintiff was terminated).

[2]Crowe Dep., pp. 19, 67.

material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [the] pleadings." *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [her] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56. However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

### III.  DISCUSSION

**A.  Timeliness of filing the EEOC Charge.**

Defendant challenges Plaintiff's Title VII, ADEA, and AADEA claims based on timeliness. "Title 42 U.S.C. § 2000e-5(3)(1) is a charge filing provision that specifies with precision the prerequisites that a plaintiff must satisfy before filing suit." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (internal citation omitted). Section 2000e-5(3)(1) states that an individual "shall" file a charge with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(3)(1). To assess the timeliness of a plaintiff's EEOC charge, the court must "identify precisely the unlawful employment practice of which [she] complains." *Delaware State College v. Ricks*, 449 U.S. 250, 257 (1977). "[A] failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act." *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985). However, the Eleventh Circuit has also stated that a plaintiff's one-hundred-and-eighty-day time limit begins running when a plaintiff "is aware that [she] is being replaced in a position, which [she] believes [she] is able to perform, by a person outside the protected age [or racial] group." *Hargett v. Valley Fed. Savings Bank*, 60 F.3d 754, 760-61 (11th Cir. 1995).

Because Plaintiff concedes that she is no longer pursuing a claim for unlawful termination, this court does not need to evaluate the timeliness of those claims. Furthermore,

5

Plaintiff does not challenge Defendant's assertion that the allegedly disparate job assignments occurred more than one hundred and eighty days prior to her filing an EEOC charge. Therefore, summary judgment is appropriate on those claims.

However, as discussed subsequently, Plaintiff alleges that she was replaced by Pelham and/or Anderson. A fact finder might reasonably conclude, based on the record, that Plaintiff was replaced by either Pelham or Anderson, and pursuant to the Eleventh Circuit in *Hargett*, the EEOC's time limitation would begin running once Plaintiff became aware that she was "replaced" by a person outside her protected group. *See* 60 F.3d at 894. Consequently, an issue of fact exists as to whether Plaintiff's claims for failure to rehire are time-barred.

Accordingly, Defendant's motion as to Plaintiff's claims for unlawful termination is **GRANTED** because Plaintiff is no longer pursuing those claims. Likewise, Defendant's motion as to Plaintiff's Title VII disparate treatment is **GRANTED** because that claim is time-barred. However, Plaintiff's claims for failure to rehire is not time-barred by 42 U.S.C. § 2000e-5(3)(1). Further, § 1981 does not require Plaintiff to file an EEOC charge within one hundred and eighty days of the alleged unlawful conduct. Therefore, Plaintiff's disparate treatment claim under § 1981 is not time barred.

      **B. The *prima facie* case of discriminatory failure to hire.**

Defendant contends that Plaintiff's failure to rehire claims lack merit because Plaintiff was an at-will employee who cannot establish a *prima facie* case of discriminatory failure to rehire based on race and/or age. The test to establish a *prima facie* case of discriminatory failure to hire is essentially the same for age discrimination as it is for race discrimination. *See Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998) (failure to hire based

on age); *Johnson v. BE&K Engineering Co.*, 1996 U.S. Dist. LEXIS 2744, *27 (S.D. Ala. 1996) (failure to hire based on race). Plaintiff can establish a *prima facie* case for failure to hire by showing that (1) she is a member of a protected group; (2) she was subject to adverse employment action; (3) someone outside the protected group filled the position she sought; and (4) she was qualified to do the job for which she was rejected. *Turlington*, 135 F.3d at 1432. If the plaintiff establishes a *prima facie* case, the defendant must respond with a legitimate, nondiscriminatory reason for its actions. *Id*. The burden then shifts to the plaintiff to establish that the employer's articulated legitimate, nondiscriminatory reason is a mere pretext to mask unlawful discrimination. *Id*.

Defendant concedes that Plaintiff is an African-American and is over forty years old and thus is a member of two classes protected by Title VII, § 1981, the ADEA, and the AADEA. Therefore, the court need only examine the second, third, and fourth elements of the *prima facie* case.

**1. Adverse employment action.**

Defendant asserts that Plaintiff was never subject to an adverse employment action because Plaintiff never applied for a job after she was terminated; consequently, Defendant had nothing on which to act. The Eleventh Circuit has defined an adverse employment action as "an ultimate employment decision, such as discharge or *failure to hire*, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Gupta v. Fla. Bd. Of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (internal quotations omitted) (emphasis added). Plaintiff claims that Defendant discriminated against her by failing to rehire her. Failing

to rehire can qualify as an adverse employment action because it adversely affected her status as an employee. However, Plaintiff must show that she had some reasonable expectation of being recalled.

Plaintiff rests her failure to re-hire argument on the conversation she had with Crowe who, Plaintiff alleges, promised that she would be recalled. The court finds a genuine issue of fact as to Crowe's authority to make hiring assurances, and the alleged conversation between Crowe and Plaintiff. Defendant offers evidence through Crowe's deposition testimony that Crowe did not promise Plaintiff that she would be recalled, and that Crowe had no authority to make hiring decisions on behalf of Defendant. However, Plaintiff's evidence that Crowe performed human resource duties and was a manager at the Oneonta plant might lead a reasonable fact finder to conclude that Crowe was cloaked in the implied or apparent authority to act on behalf of Defendant. Additionally, the record shows that at least one other supervisor at the plant had the authority to make hiring decisions, making it more likely that Crowe had the apparent authority to promise Plaintiff she would be recalled. Furthermore, conflicting deposition testimony exists as to whether Crowe actually told Plaintiff that she would be recalled to work. Questions of credibility must be left for the jury to decide. Because of this conflicting evidence, a genuine issue of fact is present as to whether Plaintiff applied for the job (or was required to apply), and hence, suffered an adverse action when she was not re-hired.

**2. The job was filled by someone outside Plaintiff's protected class.**

Defendant argues Plaintiff cannot prove that someone outside her protected classes filled the position she sought because Plaintiff failed to pursue any position after her employment was terminated. However, Plaintiff asserts that she did not pursue any formal application procedure

because she reasonably believed her conversation with Crowe sufficed to fulfill any application requirements. She also offers evidence that the two younger white women who became detailers at Oneonta did not submit applications prior to be placed in those positions.

Additionally, Plaintiff cites an Eleventh Circuit opinion whereby the court determined that when an opportunity to apply is not posted or announced, the defendant "has a duty to consider all those who might reasonably be interested, as well as those who have learned of the job opening and expressed an interest." *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133 (11th Cir. 1984). Plaintiff argues that this holding coupled with Crowe's representations to her and the fact that Defendant did not post an announcement regarding the detailing job relieved her of any formal application requirement.

*Carmichael's* holding is not dispositive of this case, because in *Carmichael* the plaintiff was an active employee in the defendant corporation. *Id*. at 1132. In that case, the corporation did not post job openings for promotion to its employees, and consequently the plaintiff did not apply for them. *Id*. at 1134. The court determined that as a matter of law the corporation should have considered plaintiff for these promotions, and could not merely assume by his silence that he was not interested. *Id*. In contrast, Plaintiff in this case was not an active employee of Defendant. For the court to place a *Carmichael* duty on Defendant to consider *every* individual (active employees and non-employees) who might be reasonably interested in a job opening would be unrealistic and a physical impossibility because doing so would be resource prohibitive. Furthermore, the court is not willing to expand the law and impose on Defendant a duty to consider laid off employees, especially since it is not necessary in this case to do so.

However, the court finds that Plaintiff raised a genuine issue of fact regarding whether

Plaintiff "sought" this particular position as a detailer in the Oneonta plant. A reasonable fact finder could construe the alleged conversation between Plaintiff and Crowe as a sufficient application for employment. Judgment as a matter of law on this point would, therefore, be premature.

### 3. Rejection and qualifications.

Similar to the second and third prongs of the *prima facie* case, the key issue here is determining whether Crowe had the authority to make representations regarding hiring and whether Crowe actually told Plaintiff she would be recalled to work. As stated previously in this opinion, a disputed issue of fact exists as to these issues. Furthermore, a reasonable fact finder could determine that Plaintiff was rejected for the detailer position because someone else - a younger white woman - was hired for that job. Moreover, Plaintiff's prior employment demonstrates that she was qualified; and the record indicates that she was not terminated because of lack of qualifications or work-related problems. Accordingly, summary judgment as to the *prima facie* case would be inappropriate.

### 4. Burden shifting and pretext.

Plaintiff argues that Defendant's proffered reasons for not hiring her are pretext to mask race and/or age discrimination. She offers evidence that the two previously laid off employees who were reinstated did not submit applications, but merely expressed an interest in working to their old supervisor, Mr. Rick Weeks. Plaintiff also offers Pelham's employment application to show that Pelham's application was submitted *after* Pelham was hired as a detailer. Plaintiff claims that this evidence shows pretext because it demonstrates that younger white individuals were selected for jobs and were not required to formally apply, while Defendant contends that the

10

reason Plaintiff was not selected was because she had not applied.

Plaintiff effectively counters Defendant's non-discriminatory reasons for failing to rehire her by showing an issue of fact with respect to whether those reasons were a mere pretext for discrimination. Based on the employees who were hired without submitting a formal application, and the issues of fact related to Plaintiff's *prima facie* case, Defendant's Motion as to Plaintiff's Title VII, § 1981, ADEA, and AADEA failure to rehire claims are **DENIED**.

**C. The *prima facie* case of disparate treatment based on additional cleaning assignments.**

Plaintiff also claims that the extra cleaning assignments that she and the other African-American detailer were required to perform constituted disparate treatment. Plaintiff sets forth disparate treatment claims in Count One's Title VII action and Count Two's § 1981 action. As previously discussed in this memorandum, the Title VII disparate treatment claim is time barred because the EEOC Charge was not filed within one hundred and eighty days. Section 1981 does not require an EEOC Charge; therefore, that claim was timely filed.

To establish a *prima facie* case of disparate treatment, a plaintiff must prove that (1) she is a member of a protected class; (2) that she suffered an adverse employment action; and (3) that similarly situated persons outside her protected class were treated more favorably. *Wilson v. B/E Aerospace Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). Once a plaintiff establishes a *prima facie* case, the burden is on the defendant to offer legitimate, non-discriminatory reasons for the treatment. *Id*. If the defendant meets this burden of production, the burden shifts back to the plaintiff to show that the defendant's reasons for the treatment are a mere pretext. *Id*.

Plaintiff offers sufficient evidence to establish a genuine issue of fact with respect to her

*prima facie* case and whether Defendant's proferred reasons for the alleged discriminatory conduct were pretextual. Plaintiff shows that, although employees were required to clean their own work areas, only she and another black worker were required to clean areas used by both white and Africa-American workers. Plaintiff testified that Brenda McKay, a former co-worker, told her that neither Pelham nor Anderson, the new white detailers, performed the extra cleaning assignments that were previously assigned to Plaintiff. Defendant did not object to the introduction of this particular evidence; thus, the court assumes that McKay will be available to testify at trial. *See Pritchard v. Southern Co. Svcs.*, 92 F.3d 1130, 1135 (11th Cir. 1990) (stating that a district court may consider inadmissible hearsay evidence when ruling on a motion for summary judgment, provided that the hearsay can be reduced to admissible form at trial.)

In an effort to show non-discriminatory reasons for ordering Plaintiff to clean the common areas, Defendant offers evidence that Plaintiff performed such duties only when Plaintiff had idle time. Plaintiff counters by offering deposition testimony that might indicate that the extra cleaning chores assigned to Plaintiff caused her to get behind in her detail work. From this evidence, and the fact that only Plaintiff and another black female over the age of forty were regularly ordered to clean the common areas, a reasonable fact-finder could determine that a case of disparate treatment exists. Defendant's Motion as to the § 1981 disparate treatment claim is, therefore, **DENIED**.

## CONCLUSION

The court cannot weigh evidence in summary judgment. Plaintiff offers enough evidence to raise genuine issues of fact regarding her claims for failure to rehire under Title VII, § 1981, the ADEA, and the AADEA. Plaintiff also produces enough evidence to survive

summary judgment as to her disparate treatment claim under §1981.

In summary, Defendant's Motion as to Count One's termination and disparate treatment claims, Count Two's termination claim, and Count Three's termination claim is **GRANTED**. Defendant's Motion with regard to Count One's failure to rehire claim, Count Two's failure to rehire and disparate treatment claims, and Count Three's failure to rehire claim is **DENIED**.

DONE and ORDERED this 27th day of October, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE